# Bishop *v.* The State.

## *Murder.*

(Decided April 10, 1913. 61 South. 820.)

1. *Homicide; Evidence; Difficulty Between Deceased and Another.* —Where the undisputed evidence showed that a difficulty between deceased and another was a contributing, if not the only cause of the fatal encounter between defendant and deceased, evidence of such difficulty was properly admitted.

2. *Same.*—Where deceased intervened in an attempt to quiet a disturbance at a picnic, and defendant intervened in behalf of his friend B., whom deceased was trying to quiet, and killed deceased, it was competent. for a witness to testify as to what B. had in his hand at the time of the killing.

3. *Same.*—Under the circumstances of this case it was not error to permit a witness to testify as to the period intervening from the time he saw deceased with a stick until he saw him dead, as it was part of the res gestæ.

4. *Same; Illustration.*—It was not error to permit a witness to testify to and illustrate to the jury the relative positions of the deceased and the other parties to the fatal difficulty, and to state that he saw defendant lying on the ground.

5. *Witnesses; Examination; Leading Question.*—A question by defendant's counsel to a witness, referring to defendant, "who was after him?" was not improperly disallowed, as it was both leading and suggestive.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Zach Bishop was convicted of murder in the first degree, and he appeals. Affirmed.

E. H. HILL, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

MAYFIELD, J.—Appellant was indicted, convicted, and sentenced to life imprisonment for the murder of Lawson Sumler.

There is no error apparent of record which will authorize a reversal of the judgment. The evidence without dispute shows the killing as charged, and that it was effected with a deadly weapon. There is little, if any, evidence to show justification. Under the undisputed evidence in this case, it would be a glaring miscarriage of justice for the accused to be wholly acquitted. There were some tendencies of the evidence that might influence the jury in determining the degree of the offense; but we find none wholly in justification of the killing.

There was no error in the trial court's allowing the state to introduce proof of a difficulty between Lawrence Burline and deceased. The undisputed evidence shows that this difficulty between deceased and Burline was a contributing cause, if not the only cause, of the fatal encounter between defendant and deceased. Defendant seems to have voluntarily interfered in the difficulty and to have killed deceased in consequence of such interference. Moreover, the two difficulties constituted a continuous transaction; they were connected in such manner that each formed a part of the other.

There was no error in declining to allow the defendant's counsel to ask the witness Kennedy, "Who was after him?" referring to the defendant. The reason assigned to show error is that the answer would have tended to explain the defendant's flight. The question was highly leading and suggestive, even if the answer could be said to have been admissible under the undisputed evidence in this case.

The killing occurred at a church picnic at which there seem to have been general and numerous rows. The deceased intervened in an attempt to quiet the disturbances and to restore peace and order; and the defendant intervened in behalf of his friend, Lawrence Burline, whom deceased was trying to quiet or quell.

[Bishop v. The State.]

There was no error in allowing the witness Kennedy to testify as to what Burline had in his hand at the time of the fatal difficulty. Both the defendant and the state had theretofore introduced proof as to this fact, and there seems to be no conflict as to the proof.

There was no error in allowing the witness Saffold to testify as to the length of time intervening from the time he saw deceased with a stick until he saw him dead; it was a part of the fatal difficulty and really related to the res gestæ of the main question of dispute.

It was likewise not error for the court to allow this witness to testify and to illustrate to the jury the relative positions of the deceased and the other parties to the fatal difficulty. There was no error in allowing this witness to testify that he saw the defendant lying on the ground. The conduct, demeanor, and presence of the accused, during, shortly before, and after the fatal difficulty, is usually admissible in evidence by the state.

Each of the charges refused to the defendant was properly refused. Some of them were incomplete, some argumentative, some misleading, and some misstatements of the law in such cases.

Moreover, it affirmatively appears that the court, at the request of the defendant, in writing, charged the jury fully and fairly upon the law of this case. If any of the refused charges could be said to be correct, they were each fully covered by the given charges requested by the accused.

It clearly appears from this record that the accused has had a fair and an impartial trial, and we find no reversible error in the record.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.